# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JAMES K. FORD,            :
                               :
            Petitioner,        :       Civ. No. 21-963 (RK)
                               :
      v.                      :
                               :
ATTORNEY GENERAL OF THE STATE :       **MEMORANDUM & ORDER**
OF NEW JERSEY, et al.,        :
                               :
            Respondents.     :
                               :

**KIRSCH, District Judge**

       Petitioner, James K. Ford ("Petitioner" or "Ford"), is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Having reviewed the habeas petition, Respondents' response, Petitioner's reply, and the relevant record, the Court finds that the habeas petition contains unexhausted claims which potentially subjects it to dismissal under *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Petitioner will be ordered to select one of the following options within forty-five (45) days: (1) file a motion to stay the habeas petition until Petitioner fully exhausts his unexhausted claims; or (2) have the Court dismiss the habeas petition without prejudice as it contains unexhausted claims.[1]

       The New Jersey Superior Court, Appellate Division recited the facts giving rise to Petitioner's judgment of conviction as follows in affirming the denial of Petitioner's post-conviction relief ("PCR") petition:

> [i]n May 2011, a Somerset County grand jury returned Indictment
> No. 11-05-0258 charging defendant [Petitioner] and his brother
> Elijah Ford with the first-degree murder of Damian Williams,

---

[1] Should Petitioner select to have the Court dismiss the habeas petition without prejudice, he may lose the ability to obtain future habeas relief in federal court. This may be because the time during which Petitioner's federal habeas petition has been pending does not act to toll the one-year statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

N.J.S.A. 2C:11-3(a) (count one); first-degree conspiracy to murder Williams, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3(a) (count two); second-degree aggravated assault upon K.H., N.J.S.A. 2C:12-1(b)(1) (count three); and second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four).   In addition, in October 2012, a Somerset County grand jury returned Indictment No. 12-10-0740, which charged defendant with aggravated assault upon J.F., N.J.S.A. 2C:12-1(b)(7).

In February 2012, defendant filed a motion to remove K.E. as his trial attorney and sought permission to represent himself.  The trial court granted defendant's motion and thereafter, K.E. served as standby counsel.  In January 2013, M.I. replaced K.E. as standby counsel.

On April 2, 2013, defendant informed the trial judge that he no longer wanted to represent himself, and he asked the judge to permit M.I. to represent him at the trial.  M.I. expressed reservations about his ability to try the matter; however, the judge stated that the trial would proceed as scheduled. The following day, jury selection commenced for the trial on the charges in Indictment No. 11-05-0258.

During the trial, the State presented evidence showing that on March 19, 2011, certain members of the Bloods street gang held a meeting behind the train station in Bound Brook.  Defendant and his brother Elijah attended the meeting. Williams, B.H., J.G., K.H., and L.M. also were present.  It appears that, at the time, Williams was a high-ranking member of the Bloods gang.

An argument broke out between defendant and Williams. Defendant and Elijah took out handguns. Defendant shot and killed Williams.  The State maintained that defendant fired once, paused, and then fired two additional shots.  At about the same time, K.H. was shot in the stomach.  After the shootings, defendant and Elijah discarded the weapons and fled the area.

Officers from the Bound Brook Police Department (BBPD) responded to the scene and found K.H. lying on the ground.  Police officers from surrounding communities arrived to assist the Bound B[r]ook police.  An officer from Bridgewater Township came upon two individuals who discovered Williams's body. The officer confirmed that Williams was dead.

A detective from the Somerset County Prosecutor's Office (SCPO) arrived at the scene and found three spent shell casings and two

unspent .380 caliber rounds.  He also recovered a spent projectile in the dirt about thirty-five to forty feet from Williams's body.  Later, a detective returned to the train station and found an additional spent projectile in the dirt where Williams's body was found.  No guns or other weapons were located.

On March 20, 2011, Dr. Mirfrida Geller performed an autopsy on Williams's body.  She determined that Williams had been shot three times and one bullet remained inside the body.  Dr. Geller opined that the projectiles had entered Williams's body from three different angles; one through the shoulder, another through the chest, and one through the right hip and buttocks.  Dr. Geller found that the cause of Williams's death was multiple gunshot wounds.

On March 22, 2011, an officer from the BBPD interviewed B.H. and thereafter responded with detectives from the SCPO to the rear of a building in Bound Brook.  They found three weapons: a Bersa .380 caliber semi-automatic handgun, a Hi-Point 9-millimeter semi-automatic handgun, and a Davis Industries' .380 caliber semi-automatic handgun.

Thereafter, one of the detectives determined that an unfired round found on the ground at the train station came from the Bersa handgun, and another unfired round came from the Davis Industries' weapon.   The detective also determined that the projectiles recovered from the ground and Williams's body were fired from a 9-millimeter handgun, and the spent 9-millimeter shell casings were fired from the Hi-Point weapon.

On March 23, 2011, one of the detectives presented two photo arrays to B.H.  After reviewing the first array, B.H. identified Elijah's photo.  He said Elijah had been in possession of two pistols at the time of the shooting, and Elijah shot K.H. After B.H. reviewed the second array, he identified defendant's photo and said defendant shot Williams.

On April 11, 2011, officers from the BBPD and detectives from the SCPO arrested defendant.  He was informed of and waived his Miranda rights. Defendant then admitted he shot and killed Williams.  He claimed, however, that he shot Williams in self-defense.

*State v. Ford*, No. A-5451-17T3, 2020 WL 116023, at *1–2 (N.J. Super. Ct. App. Div. Jan. 10, 2020) (footnotes omitted).

3

A jury found Petitioner guilty of murder and possessing a weapon for an unlawful purpose. Petitioner also pled guilty to aggravated assault. *See* ECF No. 9-41 at 4. The trial judge sentenced Petitioner to thirty years imprisonment on the murder charge as well as concurrent terms of ten years for the weapons offense and five years for aggravated assault. *See id.*

Petitioner filed a direct appeal. *See* ECF No. 9-35. The New Jersey Superior Court, Appellate Division affirmed the judgment of conviction on October 1, 2015. *See State v. Ford*, No. A-6175-12T2, 2015 WL 5944185 (N.J. Sup. Ct. App. Div. Oct. 1, 2015). The New Jersey Supreme Court denied certification on January 21, 2016. *See State v. Ford*, 130 A.3d 1246 (N.J. 2016).

Petitioner then filed a PCR petition. On June 28, 2018, the New Jersey Superior Court denied Petitioner's PCR petition. *See* ECF No. 9-45. Petitioner appealed to the New Jersey Superior Court, Appellate Division. The Appellate Division affirmed the denial of Petitioner's PCR petition on January 10, 2020. *See Ford*, 2020 WL 116023. Petitioner then filed a petition for certification with the New Jersey Supreme Court. *See* ECF No. 9-52. The sole issue on Petitioner's petition for certification to the New Jersey Supreme Court was the following, "[Petitioner] was denied effective assistance of counsel for counsel's failure to file a motion to adjourn so he could perform an adequate pre-trial investigation and interview of potential witnesses[.]" ECF No. 9-52 at 2. On April 9, 2020, the New Jersey Supreme Court denied certification without discussion. *See State v. Ford*, 228 A.3d 225 (N.J. 2020).

Petitioner then filed a federal habeas petition. *See* ECF No. 1. Petitioner raises four claims in his habeas petition; they are as follows:

1. Ineffective assistance of counsel by failing to file a pretrial motion to challenge an affidavit of probable cause against Petitioner ("Claim I");

2.  Ineffective assistance of counsel by failing to file a motion arguing that the judicial officer never noted a probable cause finding on the arrest warrant ("Claim II");

3.  Ineffective assistance of counsel for failing to challenge that law enforcement failed to obtain proper judicial approval to detain Petitioner and transport him to the police station for investigation and/or interrogation ("Claim III"); and

4.  The prosecutor and trial judge abused their authority when they would not let Petitioner use the deceased's brother as a witness at his trial ("Claim IV").

*See* ECF No. 1 at 5-10.

Respondents filed a response in opposition to Petitioner's habeas petition. *See* ECF No. 9. Respondents argue that the Court should dismiss the habeas petition without prejudice as it is a "mixed" habeas petition because it contains both exhausted and unexhausted claims. More specifically, Respondents assert Claims I, II and III are unexhausted as they were not raised by Petitioner in the state appellate courts.

Petitioner filed a reply brief in support of his habeas petition along with various exhibits. *See* ECF No. 10. Petitioner asserts in his reply brief that Petitioner's PCR counsel would not raise the arguments in Petitioner's pro se PCR brief which is why they are unexhausted. *See id.* at 7. In support, Petitioner attaches a document, along with a letter from his PCR attorney to the New Jersey Superior Court indicating that he wished to have the issues raised in his pro se PCR petition before that court. *See* ECF No. 10 at 10-15, 32.

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 "shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A habeas petitioner carries the burden of demonstrating that he has exhausted available state court remedies on his claims. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.

1997), as amended (1998).  To exhaust state court remedies, a petitioner must demonstrate that the claim was fairly presented at each level of the state courts.  *See Lines v. Larkins*, 208 F.3d 153, 159-161 (3d Cir. 2000).

A court has several options when examining a habeas petition that contains unexhausted claims.  In *Rose*, 455 U.S. at 522, the United States Supreme Court held that a habeas petition containing unexhausted claims may be dismissed without prejudice.  Nevertheless, subsequently in *Rhines v. Weber*, 544 U.S. 269, 276 (2005), the Supreme Court held that a district court also has the authority to stay a § 2254 habeas petition that contains unexhausted claims.  To stay such a habeas petition, the Supreme Court stated as follows:

> it likely would be would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Id.* at 278.  Additionally, where unexhausted claims are patently meritless, a court may deny those claims on the merits without addressing the exhaustion issue.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies in the courts of the State."); *Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007) ("Here, because we will deny all of [petitioner's] claims on the merits, we need not address exhaustion); *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (stating that federal courts can "deny an unexhausted claim on the merits if it is perfectly clear that the applicant does not raise even a colorable federal claim").

Petitioner's habeas petition contains unexhausted claims.  The Court agrees with Respondents that Petitioner failed to exhaust Claims I, II and III.  While Petitioner's reply brief

indicates that he sought to and potentially did seek to include these claims in his PCR petition before the New Jersey Superior Court, there is no indication that these claims were raised in his appeal to the New Jersey Superior Court, Appellate Division or to the New Jersey Supreme Court when Petitioner sought certification with that court.[2]  Indeed, the record before the Court contains no mention of Claims I, II or III in Petitioner's appellate briefs to the Appellate Division or to the New Jersey Supreme Court.  *See* ECF Nos. 9-36, 9-52.  Given that Petitioner needs to exhaust claims to *all three levels* of the New Jersey state courts, and that Petitioner has the ultimate burden to show that he has exhausted his claims, his failure to at least show that he raised them in the state appellate courts warrants a finding that they are unexhausted.  Thus, Petitioner fails to show that his habeas petition is fully exhausted.

Next, the Court is unable to determine whether Petitioner's arguments in Claims I, II and III are patently meritless.  Indeed, at one point, Respondents state that because the state appellate courts have not had an opportunity to address these claims, "this Court cannot at this time, reach the merits of [Claims I, II and III]."  ECF No. 9 at 13.  Nevertheless, in the next sentence, Respondents state "all three claims are plainly meritless, as they argue ineffective assistance of counsel due to failure of counsel to file motions contesting the affidavit of probable cause that supported the complaint warrant and his initial arrest on the charges."  ECF No. 9 at 13.  Respondents though provide no guidance whatsoever regarding *why* Claims I, II and III, which all assert ineffective assistance of counsel, are patently meritless.[3]  Furthermore, even if the Court

---

[2] The New Jersey Superior Court's written opinion denying Petitioner's PCR petition does not address Claims I, II or III as raised in this federal habeas proceeding.

[3] Respondents also do not assert that Claims I, II and III are procedurally defaulted.  While it is of course possible that the state courts may elect to not consider the merits of these claims, the absence of a ruling from the state courts lead the Court to state that it is unable to definitively conclude that these claims are procedurally barred.  *See Mathis v. Att'y Gen. of New Jersey*, 732 F. App'x 138, 142 (3d Cir. 2018) (quoting *Toulson v. Beyer*, 987 F.2d 984, 989 (3d Cir. 1993)).

were to potentially address the merits of Claims I, II and III, Respondents' response is silent as to the merits of the Claim IV. If the Court were to address Claims I, II and III on the merits, it would also have to presumably address the merits of Claim IV to fully deny the habeas petition on the merits, a claim which Respondents never address.

In a typical case, the Court would give Petitioner three options, namely: (1) delete his unexhausted claims; (2) file a motion for a stay pursuant to *Rhines*; or (3) request dismissal without prejudice of his habeas petition. *Accord Underwood v. Nogan*, No. 18-14900, 2022 WL 494109, at *3-4 (D.N.J. Feb. 17, 2022). However, for the reasons described *infra*, as the habeas petition appears *fully* unexhausted as opposed to mixed, the Court finds only options 2 and 3 are appropriate.

As noted above, Respondents asserted in their response that Claims I, II and III were unexhausted. However, the Court finds that Claim IV is also unexhausted. Petitioner states in his habeas petition that he raised Claim IV in his PCR proceedings. *See* ECF No. 1 at 10-11. While Respondents did not raise a lack of exhaustion issue with respect to Claim IV in their response, the Court can raise this issue *sua sponte*. *See Nicoloudakis v. Bocchini*, No. 13-2009, 2015 WL 4392638, at *4 (D.N.J. July 15, 2015) (citing *Reeves v. Holmes,* No. 11–5700, 2014 WL 2196491, at *2 (D.N.J. May 27, 2014); *Hernandez v. Mee,* No. 10–4653, 2011 WL 1599627, at *3 (D.N.J. Apr.25, 2011); *United States v. Bendolph,* 409 F.3d 155, 173 (3d Cir.2005) (Nygaard, J, concurring in part and dissenting in part)) (other citations omitted) ("This Court and other circuit courts have . . . conclude[d] that district courts also have the authority to raise the issue of exhaustion, even when Respondents do not assert that defense in their Answer); *see also Harris v. Beard*, No. 04-1237, 393 F. Supp. 2d 335, 337-38 (E.D. Pa. 2005) (citing *Grandberry v. Greer*, 481 U.S. 129, 134-35 (1987)).

During Petitioner's PCR proceedings, Petitioner claimed that *counsel* was ineffective for failing to call Williams' brother as a witness at trial. *See Ford*, 2020 WL 116023, at *5. Such an ineffective assistance of counsel claim would presumably be analyzed under *Strickland v. Washington*, 466 U.S. 668 (1994). That analysis requires a petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice. *See id.* at 688, 693. However, in this federal habeas action, Petitioner raises a different claim, namely that the *prosecutor and the judge* abused their authority when they would not let Petitioner call Williams' brother as a witness. Thus, while in the PCR proceedings Petitioner focused on *counsel's* action (or inaction), comparatively, in this federal habeas proceeding, Claim IV focuses solely on the *prosecutor's and trial judge's* action (or inaction) with respect to permitting Williams' brother to be called as a witness. The claim raised before the Appellate Division and the Court in this habeas action in Claim IV are different and distinct. *See Jimenez v. Overmyer*, No. 16-975, 2018 WL 10231207, at *3 (E.D. Pa. Oct. 1, 2018) (citing *Kirnon v. Klopotoski*, No. 07-4474, 2010 WL 4628089, at *5 (E.D. Pa. Nov. 15, 2010) (citing *Gattis v. Snyder*, 278 F.3d 222, 237 n.6 (3d Cir. 2002)) (noting that the "substantive claim of prosecutorial misconduct is different than a claim of ineffective assistance of counsel"), *report and recommendation adopted*, 2019 WL 7496818 (E.D. Pa. Feb. 19, 2019). Furthermore, there is no mention in Petitioner's petition for certification before New Jersey Supreme Court on Claim IV during Petitioner's PCR proceedings. *See* ECF No. 9-52 at 2 (stating the sole issue in the petition for certification is whether counsel was ineffective for failing to file a motion to adjourn so he could perform an adequate pre-trial investigation and interview potential witnesses). This further lends support to the Court's finding that Claim IV is unexhausted.

Nevertheless, even if the habeas petition is fully unexhausted as opposed to mixed, Petitioner can still seek a *Rhines* stay. *See Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016) (citing *See Doe v. Jones,* 762 F.3d 1174, 1174 (10th Cir. 2014); *Heleva v. Brooks,* 581 F.3d 187, 191 (3d Cir. 2009); *Dolis v. Chambers,* 454 F.3d 721, 724 (7th Cir. 2006)). Considering Petitioner's pro se status, the Court will not dismiss Petitioner's habeas petition as a habeas petition containing unexhausted claims without prejudice pursuant to *Rose* at this time. Instead, the Court will first give Petitioner forty-five (45) days to select one of the following options:

1. File a motion to stay his habeas petition so that he can exhaust unexhausted claims in state court; or

2. Elect to have the Court dismiss the entire habeas petition without prejudice as it contains unexhausted claims.

If Petitioner chooses option 1, Petitioner must address the requirements set forth in *Rhines* as described in this memorandum and order. If Petitioner chooses option 2, the Court notes that Petitioner may lose the ability to obtain federal habeas review of his habeas claims. *See supra* note 1.

If Petitioner does not respond to this memorandum and order within forty-five (45) days, Petitioner is advised that his entire habeas petition will be dismissed without prejudice as a habeas petition containing unexhausted claims without further notice from the Court. The Court will currently administratively terminate the case for docket management purposes only, subject to reopening upon Petitioner's response to this memorandum and order, or, if no response is filed, when the time for Petitioner to respond to this memorandum and order has expired.

Accordingly, IT IS on this 25th day of April, 2024,

ORDERED that within forty-five (45) days of the date of this memorandum and order, Petitioner must select one of the following options in writing to the Court: (1) file a motion to stay his habeas petition until he fully exhausts his unexhausted claims; or (2) have the Court dismiss the habeas petition as it contains unexhausted claims; and it is further

ORDERED that if Petitioner selects option 1 in filing a motion to stay, Respondents shall file a response to the motion to stay within forty-five (45) days of the date Petitioner's motion is filed; Petitioner shall then have forty-five (45) days from the date of Respondents' response to file a reply brief to his motion to stay; and it is further

ORDERED that if Petitioner fails to respond to this memorandum and order within forty-five (45) days, the Court will dismiss the habeas petition without prejudice as a habeas petition containing unexhausted claims without further notice; and it is further

ORDERED that the Clerk shall administratively terminate this case subject to reopening by the Court by order upon Petitioner's response to this memorandum and order or when the time for Petitioner to respond to this memorandum and order has expired if Petitioner does not file a response; and it is further

ORDERED that the Clerk shall serve this memorandum and order on Petitioner by regular U.S. mail.

ROBERT KIRSCH
United States District Judge